DALLAS WILSON V. THE STATE.

No. 15499. Delivered January 11, 1933.
Reported in 56 S. W. (2d) 463.

The opinion states the case.

*W. A. Anderson,* of San Angelo, for appellant.

*O. C. Fisher,* County Attorney, of San Angelo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction is for violating the Pure Food Law; punishment, a fine of $50.

Appellant was manager of Piggly Wiggly No. 2 in San Angelo. A state inspector, in company with an inspector for the City of San Angelo, went to appellant's store for the purpose of inspecting the condition of the canned goods and other foods. There were from 1,500 to 2,000 cans of food on the shelves. While the state inspector was investigating the meat department in the rear of the store, the inspector for the City of San Angelo discovered in the canned goods department, on the shelves from which customers were served, six cans of plums, each can being marked with a cross on the top and bottom. It appears that these marks had been made with a knife or dull instrument. The inspectors testified that the marking of cans that had puffed out on the ends in the manner indicated would have a tendency to make them more nearly level. Further, the inspectors testified that, when cans had puffed up, as had the cans taken from the shelves, it was an indication that gas had

formed and that the contents of the cans were adulterated. One of these marked cans was sent to Austin and the contents analyzed. The proof was to the effect that the fruit it contained was adulterated. It was upon the fact that this can was exposed for sale that the prosecution was predicated. According to the testimony of the state, at the time the inspection was made appellant stated that the cans were evidently marked while being shipped. The inspector paid appellant for the can he sent to Austin. He testified that he told appellant at the time he made the purchase that the fruit appeared to be adulterated.

Appellant testified that there were three cans in the front of the store, which had been marked with a pocket knife. He said these cans had been removed from the shelves for the purpose of placing them in the back of the store. He said, further, that at the time the inspection was made he told the inspectors that if they found any adulterated food to set it aside. Further, he testified that the store was reimbursed by the wholesale house for all adulterated goods. He declared that he did not knowingly put adulterated goods on the shelves for the purpose of selling such goods. In short, he testified that he did not know that any adulterated goods were on his shelves, saying that he would not knowingly have exposed such goods for sale, and, further, that he went over his stock and tried to pick out merchandise he thought was adulterated.

Over proper and timely objection, the court instructed the jury as follows: "It shall not be necessary for the indictment to allege or for the state to prove that the act or omission was knowingly done or omitted."

The foregoing charge is in the language of the last part of article 717, P. C. There is nothing in the statute directing that the language in question be embraced in the charge. This provision of the statute does not militate against the right of the accused to rely upon a mistake of fact as a defense to a prosecution for exposing adulterated food for sale. Such is the holding of this court in Vaughn v. State, 86 Texas Crim. Rep., 255, 219 S. W., 206. Article 41, Penal Code, reads as follows: "If a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense, but the mistake of fact which will excuse must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct, and it must also be such mistake as does not arise from a want of proper care on the part of the person so acting."

The charge was calculated to impress the jury with the view that appellant should be convicted notwithstanding they believed his version of the transaction. The failure of the court to embrace in the charge appellant's affirmative defense accentuates the error.

Appellant sought to have the court present his affirmative defense, but, in preparing his requested instruction, failed to take note of that provision of article 41, supra, which requires that a mistake of fact must not arise from a want of proper care. If another trial be had, a charge under the provisions of article 41, supra, should be submitted to the jury.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.