## H. B. BOSTON V. THE STATE.

No. 18863. Delivered March 24, 1937.

The opinion states the case.

*Curtis Douglass.* of Panhandle, and *R. A. Wilson*, of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misde-

meanor, the punishment being assessed at a fine of twenty-five dollars.

It was charged in the complaint and information, in substance, that appellant made a first sale to I. W. Haney of ten individual packages of Wing cigarettes without a cigarette stamp being affixed to each individual package.

Appellant was a salesman for the Ponca Wholesale Mercantile Company of Lubbock, Texas. J. P. Hill was stock man and checked out all merchandise to the trucks operated by the salesmen of the company. Also it was his duty to place stamps on the individual packages of cigarettes before they were received by the salesmen. At this juncture we quote from Mr. Hill's testimony, as follows: "I stamped all cigarettes myself. I stamp every one that goes out. It is probable that I could have made a mistake only to the extent that any human makes mistakes. When the waxed paper is broken, the cigarette is stamped before I do anything else. The waxed paper is never put back on the carton. I would say that it is practically impossible that I let one slip by. They are checked twelve times to each case."

On the 9th of October, 1936, R. A. Sneed, State Tax Supervisor, upon inspecting the cigarettes in the place of business of I. W. Haney, discovered a carton of Wing cigarettes which had not been opened. The waxed paper was still around it, and the individual packages of cigarettes in it had not been stamped. Mr. Haney testified that he bought the cigarettes from appellant on the 19th of August, 1936, paying him one dollar and twenty-five cents, which included the tax. He testified further that he did not know that the cigarettes had not been stamped until such fact was discovered by Mr. Sneed. Mr. Haney exhibited a sales ticket showing that said cigarettes had been sold to him at a price including the tax.

Appellant testified that he received the cigarettes he sold his customers from the warehouse of the Ponca Wholesale Mercantile Company. He testified: "Mr. Hill checks these cigarettes to me in the warehouse. He takes them to the door and passes them through the locked door. The house manager checks them, hands them through to me. I do not inspect every package at the time they are passed to me and see that it is stamped. I can't swear that they had stamps on them but I am positive they did. I don't inspect for stamps on every individual package. I do not look to see but I am sure there are. I would not have sold any unstamped cigarettes if I had known they were unstamped." Again appellant denied

that he had sold the carton of Wing cigarettes in question to Mr. Haney. However, he testified that he had sold him a carton of Wings at the time charged.

Appellant presented to the trial court a requested instruction covering the provisions of Art. 41, P. C., which said article reads as follows:

"If a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal he is guilty of no offense, but the mistake of fact which will excuse must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct, and it must also be such mistake as does not arise from a want of proper care on the part of the person so acting."

We think the requested instruction should have been given. See Vaughn v. State, 219 S. W., 206, and Wilson v. State, 56 S. W. (2d) 463.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.