CLAUD KEETON V. THE STATE.

No. 21550. Delivered April 9, 1941.
Rehearing Granted June 4, 1941.

The opinion states the case.

*McWhorter, Howard & Cobb,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

BEAUCHAMP, Judge.

Judgment in this cause was entered on the 4th day of November, 1940, and on the same day the appellant filed an instrument signed by his attorneys excepting to the judgment rendered against him and giving notice of appeal to the Court of Criminal Appeals sitting at Austin, Texas. The record shows this to have been filed as a paper in the case, but no other action is taken thereon.

Our stature requires the defendant to cause such notice to

be entered of record, without which this court has no jurisdiction of the matters involved. For want of jurisdiction, the appeal is dismissed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant was charged in the County Court of Lynn County with the offense of offering and exposing for sale articles of food consisting in whole or in part of a filthy animal substance, to-wit rodent hairs, rodent hair fragments, chitin fragments, setae and insect antenna fragments and, upon being found guilty by a jury, was assessed a fine of $25.00, from which he appeals.

Upon original submission the appeal was dismissed because the notice of appeal was not entered of record. This has been corrected and the motion for rehearing is granted and the appeal is reinstated.

It is sufficient to say that the evidence supports the allegations in the indictment. The record contains no bills of exception, but exception was taken to an item in Section 4 of the court's charge as follows:

"You are charged as a part of the Law in this case that it is not necessary for the Complaint and Information to allege or for the State to prove that the act, if any, or omission, if any, was knowingly done or omitted."

We think that the charge as given was erroneous. The matter is fully discussed in Wilson v. State, 56 S. W. (2d) 463, and attention of the court is called to that case wherein the provisions of Article 41 of the Penal Code are discussed. It is said that the court in that case failed to take notice of the provisions which require that a mistake of fact must not arise from a want of proper care. If the charge as given should have embraced the provisions of this article, we think it would have been within the provisions of the law.

The motion for rehearing is granted, the appeal is reinstated, the judgment of the trial court is reversed and the cause remanded.